UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE RAIMUNDO MADEIRA,

                              Plaintiff,

       -against-

AFFORDABLE HOUSING FOUNDATION, INC. and
MOUNTAIN DEVELOPERS ASSOCIATES, LLC,

                              Defendants.                  **REPORT AND**
------------------------------------------------------------------------X         **RECOMMENDATION**
AFFORDABLE HOUSING FOUNDATION, INC. and
MOUNTAIN DEVELOPERS ASSOCIATES, LLC,         01 Civ. 8779 (CM) (GAY)

                              Third-Party Plaintiffs,

       -against-

CLEIDSON C. SILVA d/b/a C&L CONSTRUCTION,

                              Third-Party Defendants.
------------------------------------------------------------------------X

TO THE HONORABLE COLLEEN MCMAHON, United States District Judge:

Plaintiff commenced the instant action to recover damages for personal injuries he sustained in the course of his work on a construction site. He claimed that the owner of the site (Mountain Developers Associates, LLC ("Mountain")) and the general contractor (Affordable Housing Foundation, Inc. ("Affordable")) failed to provide adequate safety equipment in violation of New York's "Scaffold Law." Defendants Affordable and Mountain thereafter commenced a third-party action for indemnification against plaintiff's employer, Cleidson C. Silva d/b/a C&L Construction ("C&L").[1]

---

[1] Defendants also brought a third-party action against C&L's insurer, Preferred National, who prevailed via a directed verdict at the close of the third-party case.

The case proceeded to a bifurcated jury trial. At the conclusion of the first phase, the jury returned a verdict in favor of the plaintiff against Affordable and Mountain in the amount of $638,671.63. The third-party case was tried during the second phase, which resulted in a jury determination that an enforceable contract existed which required C&L to indemnify Affordable and Mountain to the extent of C&L's own negligence. As required by the contract, the jury apportioned liability for plaintiff's injuries, holding C&L 82% liable and Affordable and Mountain each 9% liable.
On June 7, 2004, judgment was entered in accordance with the jury verdict.

Presently before this Court are (1) plaintiff's motion to compel C&L to satisfy the judgment, (2) defendants' motion to hold C&L in contempt for failure to satisfy the judgment and/or to compel C&L to satisfy the judgment and (3) defendants' motion to recover attorneys' fees associated with the prosecution of the declaratory judgment action against Preferred National. For the reasons that follow, I respectfully recommend that (1) plaintiff's motion to compel should be denied, (2) defendants' motion to compel should be granted and (3) defendants' motion for attorneys' fees should be denied.

## I. PLAINTIFF'S MOTION TO COMPEL

Plaintiff seeks an Order compelling C&L to pay to defendants its 82% share of the damages awarded to plaintiff. Plaintiff asserts that, upon payment to defendants of the judgment against C&L, plaintiff believes the remaining liability may be amicably resolved. Plaintiff's motion to compel C&L's payment to <u>defendants</u> fails, however, because plaintiff lacks standing to seek enforcement of the judgment in the third-party action. Plaintiff is neither a party to the indemnification agreement nor an intended

2

beneficiary.  Accordingly, I conclude that plaintiff's motion to compel should be denied.

## II.  DEFENDANTS' MOTION TO COMPEL

Defendants seek an Order compelling C&L to indemnify them for 82% of the total liability fixed in the judgment, plus interest.  Defendants contend that C&L refuses to satisfy the judgment, despite defendants repeated requests that C&L do so.  C&L argues that its duty to indemnify defendants does not arise until defendants have paid their share of the judgment to plaintiff, and defendants have not done so.

Pursuant to the indemnification agreement at issue, C&L must indemnify and hold harmless defendants "against any *claims*, damages, losses, and expenses, including legal fees, arising out of or resulting from performance of subcontracted work to the extent caused in whole or part by the Subcontractor or anyone directly or indirectly employed by the Subcontractor" (emphasis added).  The indemnity agreement, therefore, obligates C&L to indemnify defendants against any liability arising from the performance of subcontracted work to the extent of C&L's own negligence.  "It is established under New York law that agreements to indemnify against liability become enforceable when the liability is fixed, rather than solely upon the indemnified party's satisfaction of that liability."  Goodridge v. Harvey Group, Inc., 778 F. Supp. 115, 133 (S.D.N.Y. 1991).  Here, defendants' liability was fixed upon entry of the judgment on June 7, 2004; thus, C&L's duty to indemnify defendants arose at the time judgment was entered.  See id., n.5.  Accordingly, I conclude that defendants' motion to compel C&L to satisfy the judgment in the third-party action should be granted.

### III. DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Defendants also seek an award for attorneys' fees incurred in connection with the prosecution of the declaratory judgment action against Preferred National. Defendants argue that they are entitled to said fees because the third-party action falls outside the general rule prohibiting indemnification for fees incurred in enforcing a right to indemnity. Defendants previously raised this argument in their original application for attorneys' fees. By Memorandum Decision and Order dated May 19, 2004, Your Honor rejected defendants' contention and disallowed recovery for attorney's fees associated with prosecuting any portion of the third-party action. Therefore, defendants' motion is essentially a motion for reconsideration and, thus, is clearly untimely. Accordingly, I conclude that defendants' motion for attorneys' fees should be denied.

### IV. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend: (1) plaintiff's motion to compel should be denied; (2) defendants' motion for attorneys' fees should be denied; (3) defendants motion to compel should be granted and C&L should be directed to pay its 82% share of the total liability set forth in the judgment to defendants, plus interest, without delay.

### V. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file

## V. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Colleen McMahon, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections shall be made to The Honorable Colleen McMahon and not to the undersigned.

Dated: October 31, 2007
White Plains, New York

Respectfully Submitted,

GEORGE A. YANTHIS, U.S.M.J.