UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

JOSE RAIMUNDO MADEIRA,

    Plaintiff,

    -against-                           01 Civ. 8779 (CM)(GAY)

AFFORDABLE HOUSING FOUNDATION, INC. and
MOUNTAIN DEVELOPERS ASSOCIATES, LLC,

    Defendants.
_____x

AFFORDABLE HOUSING FOUNDATION, INC., and
MOUNTAIN DEVELOPERS ASSOCIATES, LLC,

    Third-Party Plaintiffs,          01 Civ. 8779 (CM)(GAY)

    -against-

CLEIDSON C. SILVA d/b/a C&L CONSTRUCTION,

    Third-Party Defendants.
_____x

MEMORANDUM ORDER ACCEPTING REPORT AND RECOMMENDATIONS OF
THE HON. GEORGE A YANTHIS, U.S.M.J.

McMahon, J.:

    I have received and reviewed the Report of The Hon. George A. Yanthis, U.S.M.J., dated October 31, 2007, and the objections thereto filed by both plaintiff Jose Raimundo Madeira and defendants/third party plaintiffs Affordable Housing Foundation, Inc., and Mountain Developers Associates, LLC.

    Judge Yanthis divided his recommendation into three parts and I will address those three parts separately.

**Madeira's Motion to Compel**

    The learned magistrate is correct that plaintiff Madiera lacks standing to compel C&L to

live up to its indemnity agreement with Affordable and Mountain. Plaintiff is not a party to the indemnification agreement and is not an intended beneficiary of the agreement. He also did not sue C&L directly. As such, plaintiff has no rights or claims against C&L. Accordingly, the court accepts the recommendation contained in Part I of Magistrate Judge Yanthis' Report and denies plaintiff Madeira's application.

**Defendants-Third Party Plaintiffs' Motion to Compel Payment of Third Party Judgment**

I also agree with Judge Yanthis' conclusion that I should grant Affordable and Mountain's motion to compel C&L to satisfy the third party judgment entered against it in an amount equal to 82% of the total fixed liability, plus interest – although I find the request for judicial intervention (in the form of an order for contempt or compelling satisfaction of the judgment) somewhat odd, since there is no indication in the record that Affordable and Mountain have made any effort to execute on that judgment.

The unusual aspect of this case is that the contract that was the basis for the third party action is a contract in which C&L agreed to indemnify Affordable and Mountain, but only to the extent of C&L's negligence. In other words, the contract of indemnity is equivalent to a formal acknowledgement of what New York law permits – an apportionment of liability among joint tortfeasors with a right of contribution among them to the extent of their liability. See Dole v. Dow Chem. Co., 30 N.Y.2d 143 (1972). Until now, it was never clear to the court what the indemnity agreement gave Affordable and Mountain that they were not already entitled to under Dole v. Dow. And, indeed, C&L opposes this application by citing to the long line of *contribution* cases, all of which clearly hold that no contribution need be paid by one joint tortfeasor to another unless and until the tortfeasor seeking contribution has paid plaintiff more than his pro rata share of the overall judgment (plaintiff, of course, is entitled to collect 100% of what he is owed from anyone against whom a judgment in plaintiff's favor was entered – which in this case is Affordable and Madeira). See, e.g., Klinger v. Dudley,, 41 N.Y.2d 362, 393 (1977).

However, by undertaking in a contract to *indemnify* Affordable and Mountain, rather than simply relying on or acknowledging their legal right to demand contribution, C&L agreed to be bound by the law applicable to indemnity agreements (contract law), as opposed to the law on contribution (tort law). And the law applicable to indemnity contracts is different law than the law on contribution among joint tortfeasors. A contractual indemnity become enforceable when liability is fixed, rather than upon the indemnified party's satisfaction of that liability. Goodridge v. Harvey Group., Inc., 778 F. Supp. 115, 133 (S.D.N.Y. 1991). C&L's obligation to indemnify became fixed and enforceable when the third party judgment was entered, which occurred on June 7, 2004. Because Affordable and Mountain are relying on C&L's contractual undertaking to indemnify, as opposed to contribution, the contribution cases relied upon by C&L is inapposite. The fact that the contractual obligation undertaken by C&L is measured by the same yardstick as joint tortfeasor contribution is irrelevant to the analysis; the third party action was grounded in contract, not in tort.

Therefore, Cleisdon Silva, d/b/a C&L Construction, is obliged to pay the judgment entered against it in the third party breach of contract action, with interest from the date of the

judgment. If it fails to make payment, Affordable and Mountain can levy execution on the assets of C&L and of Cleidson Silva. That is the proper way to go about collecting a judgment – not by obtaining a contempt order when the judgment debtor fails to pay. I would suggest that Affordable and Mountain exercise their rights as judgment creditors in the way that judgment creditors ordinarily do.

**Application for Attorneys' Fees**

Finally, I agree with Magistrate Judge Yanthis' conclusion that the application for attorneys' fees by Affordable and Mountain is no more than an untimely motion for reconsideration of the court's May 19, 2004 order denying attorneys' fees in the third party action. Even if the application relates to post-judgment efforts to enforce the third party judgment, the result is the same – Affordable and Mountain have not demonstrated that this case falls outside the parameters of the usual rule barring indemnification for legal fees incurred in enforcing a right to indemnity. Enforcing a judgment obtained pursuant to a contract of indemnity is part and parcel of enforcing a right to indemnity.

The Magistrate Judge's Report is accepted and its recommendations are adopted in all respects.

This matter is CLOSED.

Dated: November 15, 2007

_____
U.S.D.J.

BY FAX TO ALL COUNSEL
BY FAX TO MAGISTRATE JUDGE YANTHIS